SAMUEL A. MATEER, RELATOR, v. NEW JERSEY TELEPHONE COMPANY, RESPONDENT.

Argued October 6, 1926—Decided February 17, 1927.

Corporations—Examinations of Books—Status of Relator—Bad Faith on Both Sides Alleged—The Corporation's Books Having Been Examined and Relator's Status Established, Peremptory Writ Will Issue.

On rule to show cause why writ of *mandamus* should not issue.

Before Justices PARKER, BLACK and CAMPBELL.

For the relator, *Gross & Gross*.

For the respondent, *George K. Large*.

PER CURIAM.

This is an application by a party, claiming to be a stockholder of record in the respondent corporation, for a writ of *mandamus* empowering him to examine its books. The application was vigorously resisted, charges of bad faith on both sides being made, and it was even denied that relator had the required status as a stockholder, although he claimed to own a majority of the shares.

In the form which the case took as originally argued and submitted, we considered it as not ripe for decision because the only evidence of the status of complainant as a stockholder was that appearing in affidavits and depositions. The relator, to have a proper status, must appear as a stockholder of record on the books of the company. *Matter of Reiss,* 30 *N. Y. Misc. Rep.* 234; 14 *C. J.* 859; *Cook Corp.* (*6th ed.*), § 516. The books of the corporation had not been put in evidence, and there was nothing even purporting to be a copy of them. In this situation the court took the short course of directing the production of the books before a commissioner and an examination thereof and report thereon by him. This has been done, and it appears without fear of contradiction that relator has the required status.

That was the only real difficulty encountered in the case. Granted the status, we are entirely clear that relator has shown sufficient good faith to be entitled to examine the books, and to have appropriate assistance in so doing. As in *Feick* v. *Hill Bread Co.,* 91 *N. J. L.* 486, 490, the relator will be allowed to avail himself, if desired, of the services of a suitable expert accountant or accountants not connected with or interested in the company.

The rule to show cause will be made absolute, and a peremptory writ will issue accordingly.